## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————————

|  |  |  |
|---|---|---|
| UNITED STATES of AMERICA | ) | |
| | ) | |
| v. | ) | **Criminal Action** |
| | ) | **No. 07-10421-FDS** |
| LIZBETH VALERIO, | ) | |
|     a/k/a Rosalinda Hernandez | ) | |
|     a/k/a Rosa L. Hernandez | ) | |
|     a/k/a Rosa Linda Hernandez | ) | |
|     a/k/a Rosa Hernandez-Valerio, | ) | |
| | ) | |
|     Defendant. | ) | |

—————————————————————————)

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER OF DETENTION PENDING SENTENCING

**SAYLOR, J.**

On June 5, 2009, a jury found defendant Lizbeth Valerio guilty of three counts of mail fraud and one count of aggravated identity theft. After the verdict, the Court ordered that she be detained pending imposition of the sentence, as it could not find by clear and convincing evidence that she was unlikely to flee. *See* 18 U.S.C. § 3143(a). Defendant has now moved for reconsideration of that Order.

## I.    Background

Lizbeth Valerio, a citizen of Costa Rica, entered the United States illegally in 1991. She was apprehended near El Paso, Texas, and released by the Immigration and Naturalization Service on her own recognizance due to a lack of space at the detention facility, but was ordered to return for a hearing on April 18, 1991. She never attended that hearing, instead making her way to New Jersey and, eventually, to Massachusetts, where she settled. In Massachusetts, Valerio used the identity of a U.S. citizen, Rosalinda Hernandez, for more than a decade to work,

open bank accounts, and purchase a home, among other things.  During that time, Valerio also

used her real name to apply for and receive various state and federal government benefits,

including cash and food stamp benefits, subsidized housing, and Supplemental Security Income

from the Social Security Administration.

In 2007, Valerio was arrested and charged with mail fraud in violation of 18 U.S.C. §

1341 and aggravated identity theft in violation of 18 U.S.C. § 1028A.  She was released on

various conditions pending trial, and was compliant with those conditions.  The case proceeded

to trial and resulted in a verdict of guilty on all counts.  After the verdict had been returned, the

Court ordered her detained pending sentencing.  Defendant has moved to reconsider that

decision, and has submitted additional materials, including a declaration from her husband as to

her family situation.

**II.**    **Analysis**

Under 18 U.S.C. § 3143(a), with an exception not applicable here, a judicial officer must

order that a person who has been found guilty of an offense and who is awaiting imposition of

sentence be detained unless the judicial officer finds by clear and convincing evidence that the

person is not likely to flee or pose a danger to the safety of any other person or the community if

released.  There is no issue here of danger to safety; the only issue is risk of flight.  The

defendant bears the burden of establishing that she is not likely to flee.  *See, e.g.*, *United States v.

Lugo-Rios*, 2006 WL 2038369, at *1 (D.P.R. July 19, 2006); *United States v. Nedd*, 415 F. Supp.

2d 1, 3 (D. Me. 2006).

Defendant here is a citizen of Costa Rica who is in the United States illegally, and who is

almost certain to be removed or deported after her prison term has concluded.  She speaks

2

Spanish fluently and has multiple family members in Costa Rica.  She is facing a mandatory minimum sentence of two years of imprisonment on the aggravated identity theft charge.  She has once failed to appear for a court proceeding that was likely to result in her deportation.  Finally, she has purchased and used false identities in the past to facilitate her illegal presence in the country and her criminal activity.

Both the potential sentence to be imposed and the fact that a defendant faces deportation upon completion of that sentence are relevant factors in deciding whether the defendant poses a risk of flight.  *See, e.g.*, *United States v. Castiello*, 878 F.2d 554, 556 (1st Cir. 1989) (per curiam) (affirming district court's detention order, which was based on the facts that defendant faced a lengthy mandatory sentence and was virtually certain to be deported).  Her history of using a false identity is also a relevant factor in the risk-of-flight analysis.  *See, e.g.*, *United States v. Rosario*, 2007 WL 1501079, at *7 (D. Mass. May 17, 2007) (holding that defendant's use of a false identity contributed to the conclusion that he posed a risk of flight).  Based on those factors, among others, the Court concluded that she had not met her burden of establishing that she was not likely to flee.

The supplemental evidence focuses on her family and strong ties to the community, which the Court fully acknowledges.  She has a husband who is a United States citizen and three children (one of whom is under two years of age) who are also citizens.  She also complied with her conditions of pretrial release.  While those factors weigh heavily on the scale, they are not enough to tip the balance by clear and convincing evidence.  The Court continues to believe that the defendant has not met her burden under the statute, and the motion for reconsideration will accordingly be denied.

3

III.    <u>**Conclusion**</u>

For the foregoing reasons, and the reasons stated on the record in open court on June 6,

2009, defendant's Motion for Reconsideration of Order of Detention Pending Sentencing is

DENIED.

**So Ordered.**

 /s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 10, 2009